UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

TATO GULIASHVILI                          CIVIL ACTION NO. 26-1207

                                          SECTION P

VS.

                                          JUDGE JERRY EDWARDS, JR.

BRIAN ACUNA, ET AL.                       MAG. JUDGE CAROL B.
                                          WHITEHURST

## REPORT AND RECOMMENDATION

Petitioner Tato Guliashvili,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [doc. # 9]. For reasons below, the Court should deny the petition.

## Background

Petitioner is a citizen of Georgia. He entered the United States of America on September 14, 2016, "through the John F. Kennedy Airport in New York City, New York with a B-2 Visa." [doc. # 1, p. 2]. He had "authorization to remain in the

---

[1] Petitioner's "A Number" is 216-098-502.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

United States for a temporary period not to exceed March 13, 2017." [doc. # 9, p. 1]. "Petitioner remained in the United States beyond this date without authorization from the Immigration and Naturalization Service or DHS." *Id.*

"On November 20, 2025 [Petitioner] was detained by US Immigration and Customs Enforcement (ICE) during his affirmative asylum interview at Newark Asylum Office." [doc. # 1, p. 2]. On December 9, 2025, an immigration judge denied Petitioner bond "based on flight risk . . . ." [doc. #s 1, p. 6; 1-3, p. 1]. On February 9, 2026, an immigration judge granted Petitioner asylum. [doc. #s 1, p. 2; 1-2, p. 3]. On March 5, 2026, DHS appealed the immigration judge's decision. [doc. #s 1, p. 2; 9-3]. The appeal is pending. [doc. # 9, p. 2].

On March 18, 2026, "[a]fter being granted asylum, Petitioner again sought custody redetermination[.]" [doc. # 1, p. 9]. According to Petitioner, an immigration judge denied his request, relying "on the prior finding of flight risk without conducting an individualized reassessment of current circumstances . . . ." [doc. #s 1, p. 9; 2, p. 3]. The immigration judge ruled specifically: "Immigration Judge Ranasinghe denied bond on 12/9/25 and appeal of that bond is still pending. IJ Ranasinghe found the respondent is a flight risk. The Court does not find that the grant of asylum by IJ Green on 2/9/26 mitigates the previous bond finding of IJ Ranasinghe. The respondent's request for bond is denied." [doc. # 2, p. 3].

Petitioner filed this proceeding on April 15, 2026. [doc. # 1]. He claims that his detention without a bond hearing violates his right to procedural and substantive due process. *Id.* at 10-11. He also claims that an immigration judge "did not meaningfully assess any of the circumstances that had materially changed since the initial determination that Petitioner was a flight risk, including the grant of asylum and its impact on Petitioner's incentive to appear." *Id.* at 12.

Respondents opposed the petition on June 9, 2026. [doc. # 9]. Petitioner filed a reply on June 16, 2026. [doc. # 10].

## Law and Analysis

### I. Due Process

Petitioner claims that his detention without a bond hearing violates his right to procedural and substantive due process. Petitioner, however, had a bond hearing. He even acknowledges that he had an "initial custody redetermination hearing[.]" [doc. # 1, p. 9]. Accordingly, the Court should deny these claims.

### II. Bond Hearing

Petitioner claims that an immigration judge "did not meaningfully assess any of the circumstances that had materially changed since the initial determination that Petitioner was a flight risk, including the grant of asylum and its impact on Petitioner's incentive to appear." The parties do not dispute that Petitioner is detained under 8 U.S.C. § 1226. Under Section 1226(a)(2), "the Attorney General .

. . may release the alien on" bond.

Aa above, immigration judges twice denied Petitioner's request for bond on the merits, finding that Petitioner was a flight risk.  On the second occasion, the immigration judge recognized that Petitioner obtained asylum but found that "the grant of asylum" did not mitigate the previous immigration judge's finding that Petitioner was a flight risk.  [doc. # 2, p. 3].

Under 8 U.S.C. § 1226(e): "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."

Here, consequently, the Court lacks jurisdiction over Petitioner's claim.[3]

---

[3] *See Mol v. Garcia*, 2026 WL 1239308, at *2 (W.D. La. Apr. 20, 2026), *report and recommendation adopted,* 2026 WL 1233408 (W.D. La. May 5, 2026) ("The immigration judge's finding that Mol is a danger to the community is not reviewable in federal court. *See* 8 U.S.C. § 1226(e)[.]"); *Shcherbinin v. Rice*, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025), *report and recommendation adopted,* 2025 WL 3698403 (W.D. La. Dec. 19, 2025) ("Shcherbinin did not convince the immigration judge that he was no danger to the community, so the judge denied release pending a decision on whether Shcherbinin is to be removed from the United States. The Court lacks authority to review this discretionary decision."); *Valles v. De-Anda*, 2026 WL 1232394, at *2 (W.D. Tex. May 5, 2026) ("Because the decision to detain Petitioner without bond was made following an individualized review of the record by an Immigration Judge, the Court finds it is stripped of jurisdiction under 8 U.S.C. § 1226(e) and cannot review Petitioner's claims."); *Fraihat v. Barr*, 790 F. App'x 120, 121 (9th Cir. 2020) ("[H]e challenges the agency's interpretation of his conviction record and asks that we find him not dangerous. That challenge is barred by Section 1226(e).").

**Recommendation**

For the reasons above, **IT IS RECOMMENDED** that Petitioner Tato Guliashvili's petition for habeas corpus be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana, this 22nd day of June, 2026.

Carol B. Whitehurst
United States Magistrate Judge

5